# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DERRIC HOBBS**, *individually and as dependent administrator of the estate of Carrie B. Rodriguez and as joint managing conservator and next friend of M.R., a Minor,* and **RUBICELIA PITA RODRIGUEZ** and **GILBERTO VALENCIA CAPORAL***, individually and as joint managing conservators and next friends of R.R., a Minor,* *Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 1:24-cv-01027-SH** |
| **v.** | | |
| **STATE FARM LLOYDS,** *Defendant* | | |

## ORDER

Now before the Court are Defendant's Motion for Summary Judgment, filed August 4, 2025 (Dkt. 16); Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment, filed August 22, 2025 (Dkt. 17); and Defendant's Reply, filed August 31, 2025 (Dkt. 18).[1]

### I.    Background

Plaintiffs Derric Hobbs, individually and as dependent administrator of the estate of Carrie B. Rodriguez and as joint managing conservator and next friend of minor M.R., and Rubicelia Rodriguez and Gilberto Valencia Caporal, individually and as joint managing conservators and next friends of minor R.R., bring this insurance coverage suit against State Farm Lloyds. Plaintiffs allege that State Farm wrongfully denied their insurance claims and failed to affect a prompt, fair, and equitable settlement in handling, reviewing, and adjusting Plaintiffs' claims.

---

[1] On March 9, 2026, after the parties consented to have a United States Magistrate Judge conduct all remaining proceedings in the case, the District Court transferred this action to this Magistrate Judge for all proceedings and the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 25.

According to an Austin Police Department ("APD") report, Carrie Beth Rodriguez ("Rodriguez") and her husband Moises Pita-Rodriguez ("Pita") "suffered from mental health issues and were having mar[it]al problems." Dkt. 16-4 at 55. Pita and Rodriguez were found dead inside their home from apparent gunshot wounds on March 21, 2022. *Id.* at 29. Pita had one gunshot wound to his temple, which appeared to be self-inflicted; Rodriguez had five gunshot wounds to her head and torso. *Id.* at 28-29, 37. A handgun registered to Pita was found between the bodies. *Id.* at 37, 56. APD investigators concluded:

> The evidence gathered from the scene, and witness statements support the initial opinion that Carrie Rodriguez died due to multiple gunshot wounds caused by Moises Pita-Rodriguez before taking his own life. The evidence showed that Carrie and Moises were in the main bedroom when Moises shot Carrie multiple times at close range before taking his own life.

*Id.* at 57. APD ruled Rodriguez and Pita's deaths a murder/suicide. *Id.* at 14-102. The Travis County Medical Examiner also concluded that Rodriguez died of gunshot wounds by homicide and that Pita died by suicide of a gunshot wound to the head. *Id.* at 2-3.

Pita, Rodriguez, and their two minor children, M.R and R.R., had a homeowners' insurance policy issued by State Farm and Logan Blackford Insurance Agency ("Policy"). Dkt. 16-3 at 1-54. The Policy provided $100,000 per occurrence liability coverage for "damages because of ***bodily injury*** or ***property damage***." Dkt. 16-3 at 40. The Policy also provided coverage for "necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing ***bodily injury***." *Id.* The Policy excluded (1) bodily injury or property damage that "was a result of a willful and malicious act or omission of the ***insured***," *id.* at 41, and (2) bodily injury claims by one insured against another insured, *id.* at 43. Rodriguez also was insured under a separate life insurance policy issued by Pacific Life Insurance Company. Plaintiff's Second Amended Petition, Dkt. 1-2 at 84 ¶ 6.3.

Since Rodriguez and Pita's deaths, their minor children have been in the legal and physical custody of Plaintiffs, Rodriguez's relatives. *Id.* ¶ 6.1. Plaintiffs allege that the children "were unfathomably damaged by the untimely death of their mother—suddenly incurring lifelong mental anguish, emotional distress, and loss of care and companionship." *Id.* ¶ 6.2. Plaintiffs submitted a claim with Pacific Life "to financially assist the children through her Estate." *Id.* ¶ 6.4. Pacific Life denied the claim on August 28, 2023. *Id.* Plaintiffs allege that Pacific Life wrongfully denied the claim "based on improper excuses regarding Carrie's health." *Id.* at 85 ¶ 6.4.

Plaintiffs notified State Farm of the loss and made a demand for payment of the homeowners' policy limits. *Id.* ¶ 6.5. Plaintiffs sought payment for the "negligent infliction of emotional distress caused to the children" by their father's murder of their mother. Dkt. 16-2 at 4. State Farm denied the claim, contending that coverage was barred by the Policy exclusions for claims between insureds and an insured's willful and malicious acts. Dkt. 16 at 2.

Plaintiffs sued State Farm, Logan Blackford Insurance Agency, and Pacific Life in state court and later dismissing Logan Blackford and Pacific Life. *Hobbs v. State Farm Lloyds*, No. D-1-GN-24-001472 (261st Dist. Ct. Travis County, Tex. March 5, 2024) (Dkt. 1-2 at 82). In their Second Amended Petition, Plaintiffs assert claims against State Farm for breach of contract, breach of duty of good faith and fair dealing, negligence, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("Texas DTPA") and Texas Insurance Code. Dkt. 1-2 at 85-90. State Farm removed the case to this Court on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1.

State Farm seeks summary judgment under Rule 56(c), arguing that all Plaintiffs' claims fail as a matter of law because the Policy excludes the benefits they seek.

## II.    Legal Standards

Summary judgment is proper when the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014) (citation omitted).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation omitted). If the moving party meets its initial burden, the burden then shifts to the nonmoving party "to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis*, 765 F.3d at 484 (cleaned up).

When ruling on a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III.    Analysis

Plaintiffs seek personal liability benefits under the Policy for emotional distress M.R. and R.R. suffered as a result of the murder of their mother by their father. State Farm argues that these damages are not covered under the Policy because "(a) the policy excludes claims made by insureds against other insureds under the same policy and (b) the policy excludes bodily injury or property damages resulting from willful and malicious acts or omission of the insured that were intended or expected by the insured." Dkt. 18 at 1.

Plaintiffs do not respond to the first argument. In response to the second, Plaintiffs argue that Pita's state of mind at the time of the murder cannot be known and speculate that his actions may have been "the result of a break or psychotic episode" and thus not intentional or malicious. Dkt. 17 at 2. Plaintiffs also argue that even if Pita's actions were deliberately malicious towards Rodriguez, "there is no way to credibly prove that he intended to harm or disturb the claimants, his children." *Id.*

The Court finds that State Farm's first argument is dispositive and does not reach the second.

## A.  Texas Insurance Law

When federal jurisdiction is based on diversity of citizenship, federal courts look to the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Texas law governs this diversity action and informs the Court's interpretation of the Policy. Under Texas law:

> The principles courts use when interpreting an insurance policy are well established. Those principles include construing the policy according to general rules of contract construction to ascertain the parties' intent. First, we look at the language of the policy because we presume parties intend what the words of their contract say. We examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless. The policy's terms are given their ordinary and generally-accepted meaning unless the policy shows the words were meant in a technical or different sense.

*Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) (citations omitted). The court's "analysis of the policy is confined within the four corners of the policy itself." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). Whether an insurance contract is ambiguous is a question of law. *Id.* A disagreement between the parties regarding the meaning of policy terms or interaction between terms does not create ambiguity; a policy is ambiguous only if it is subject to two or more reasonable interpretations. *Id.*

The insured has the initial burden of establishing coverage under the policy. *Gilbert*, 327 S.W.3d at 124. If the insured proves coverage, then to avoid liability the insurer must prove the loss is within an exclusion. *Id.* If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage. *Id.*

## B. Policy Terms

Pita is the named "insured" on the Policy. Dkt. 16-3 at 2. Section 11 of the definitions provision of the Policy provides, in relevant part:

> 11. "***Insured***" means:
>
> (a) ***you***;
>
> (b) ***your relatives***; and
>
> (c) any other person under the age of 21 in the care of a person described above, including children in a joint custody situation even if they do not reside with **you**.

*Id.* at 17.

The Exclusions section of the Policy provides, in relevant part:

> 1. Coverage L [bodily injury or property damages] and Coverage M [medical expenses for an accident causing bodily injury] do not apply to:
>
> \*\*\*
>
> i. ***bodily injury*** to any ***insured*** within the meaning of part 11.a., 11.b., or 11.c. of the definition of ***insured***.
>
> This exclusion also applies to any claim made or suit brought against any ***insured*** within the meaning of part 11.a., 11.b., or 11.c. of the definition of ***insured*** to share damages with or repay someone else who may be obligated to pay damages because of the ***bodily injury*** sustained by any ***insured*** within the meaning of part 11.a., 11.b., or 11.c. of the definition of ***insured***[.]

*Id.* at 41, 43.

### C. The Policy Bars Claims Between Insureds

State Farm argues, and the Court finds, that "there is no dispute that Pita and Carrie Ann Rodriguez and their children were all insured under the policy." Dkt. 16 at 1. Plaintiffs have admitted that Pita, Rodriguez, and their two children were all insureds under the Policy. For example, in their Second Amended Petition, Plaintiffs allege: "At the time of Carrie's death, two insurance policies were in effect to cover the need and damages of her children: . . . a homeowners policy issued by State Farm Lloyds and the Logan Blackford Insurance Agency to the children's father, Moises Pita." Dkt. 1-2 at 84 ¶ 6.3. Similarly, in their Response to State Farm's summary judgment motion, Plaintiffs

> do not dispute that Moises Pita and Carrie Ann Rodriguez had a homeowner's policy issued by State Farm Lloyds at the time of their death, which provided $100,000.00 per occurrence coverage for personal liability. Plaintiffs also do not dispute that Pita and Rodriguez were married and that the two minor plaintiffs, M.R. and R.R., are their children.

Dkt. 17 at 2.

State Farm contends that Exclusion Section 1.i. excludes Plaintiffs' claim for benefits for mental anguish damages sustained by M.R. and R.R. and the wrongful death of Rodriguez because those damages were caused by Pita, another insured under the Policy. Such "insured versus insured" exclusions "typically provide that the insurer is not liable for claims made by one insured against another." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 895 (Tex. 2017). They have been upheld by state and federal courts in Texas. *See id.* (holding that policy provided no coverage for insured's claims based on insured versus insured exclusion); *see also, e.g.*, *Fidelity & Deposit Co. of Maryland v. Conner*, 973 F.2d 1236, 1245 (5th Cir. 1992) (holding that insured versus insured exclusion was unambiguous and barred third-party claims by a director against other directors); *Landing Council of Co-Owners v. Fed. Ins. Co.*, No. H-12-2760, 2013 WL 4787954, at *6

(S.D. Tex. Sept. 9, 2013) (granting summary judgment to insurer on insured versus insured exclusion of any claim "brought or maintained by or on behalf of any Insured in any capacity"). The Court agrees that the exclusion in Section 1.i precludes Plaintiffs' claim for benefits.

Because State Farm sustained its burden to show that the exclusion applies, the burden shifts back to Plaintiffs "to show that an exception to the exclusion brings the claim back within coverage." *Gilbert*, 327 S.W.3d at 124. Plaintiffs did not respond to this argument and so do not carry their burden to show that an exception applies. "A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *see also Landing Council*, 2013 WL 4787954, at *6 (granting summary judgment when plaintiff failed to respond to defendant's argument that exclusion applied); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 949-50 (S.D. Tex. 2005) ("At least in the summary judgment context, the insured must come forward with facts that raise a question of material fact as to the existence of a covered claim" and "an exception to the exclusion. By not responding, [the insured] gave up any opportunity to do that.").

### D.  The Exclusion Bars Plaintiffs' Causes of Action

Because Section 1.i. bars coverage, all of Plaintiffs' claims fail as a matter of law.

### 1.  Breach of Contract

Plaintiffs allege that State Farm breached the Policy by refusing to pay Plaintiffs' insurance claim. "If the policy does not cover the insured's loss, the insurer does not breach the policy by failing to pay benefits for that loss because the insured is not entitled to those benefits." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018). Plaintiffs cannot prevail on their breach of contract claim because they do not show that their claims are covered under the Policy. *Id.*

### 2.  Breach of Duty of Good Faith and Fair Dealing

Plaintiffs allege that State Farm breached their duties of good faith and fair dealing by failing to offer a reasonable settlement for Plaintiffs' insurance claims. Generally, there can be no claim for bad faith "when an insurer has promptly denied a claim that is in fact not covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). Because Plaintiffs do not show that State Farm breached the Policy, their breach of duty or good faith and fair dealing claim fails. *See Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 254 (Tex. 2009) (affirming dismissal of extra-contractual claims where plaintiff failed to show that insurer breached insurance contract); *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (finding that plaintiff's common law bad faith claims were "negated by the determination in the breach of contract claim that there was no coverage").

The Texas Supreme court has "left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim." *Boyd*, 177 S.W.3d at 922. Plaintiffs have not alleged any extreme conduct that would fall under this exception, and State Farm is entitled to summary judgment on this claim.

### 3.  Statutory Bad Faith

Plaintiffs also allege that State Farm violated their duty of good faith and fair dealing to abide by the terms of the Policy, in violation of Section 17.46 of the Texas DTPA and Section 541 of the Texas Insurance Code. The common law bad faith standard is the same as the statutory standard. *Boyd*, 177 S.W.3d at 922; *see also Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 870 (5th Cir. 2014) (stating that insured's claims under the Texas DTPA and Texas Insurance Code "fail  for the same reasons as its common law bad faith claim"). Plaintiffs' statutory bad faith claims likewise must fail.

### 4. Prompt Payment

Plaintiffs assert that State Farm violated Texas' Prompt-Payment statute, TEX. INS. CODE § 542.058, for failing to promptly pay their claims. Plaintiffs cannot prevail on this claim because there can be no liability under the Prompt Payment Act if "the insurance claim is not covered by the policy." *Boyd*, 177 S.W.3d at 922 (dismissing prompt payment claim where plaintiff failed to show that insurance claim was covered under policy); *see also Thomas v. State Farm Lloyds,* 218 F. Supp. 3d 506, 517 (N.D. Tex. 2016) (same).

### 5. Negligence

Plaintiffs also contend that State Farm was negligent in failing to reasonably investigate and promptly pay their claims. State Farm cannot be negligent for failing to pay a claim that was not covered under the Policy. *See Lawyers Title Ins.*, 739 F.3d at 870 ("[A]n insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage."); *Primo*, 512 S.W.3d at 895 (affirming grant of summary judgment on extra-contractual claims including negligent misrepresentation when there was no coverage under the policy).

### E. Leave to Amend

Finally, Plaintiffs request leave to file an amended complaint "in the unlikely event that this claim is considered for dismissal." Dkt. 17 at 5. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would not survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Plaintiffs neither submit a proposed amended complaint nor describe any additional facts they would plead to cure the defects in their Second Amended Petition. Because Plaintiffs have already amended their complaint twice and do not apprise the Court of any facts they would plead to cure the deficiencies, their request for leave to amend is denied as futile. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that executed copy of a proposed pleading be filed as an exhibit to a motion for leave).

## IV.    Conclusion

Because the Policy excludes claims made by insureds against other insureds, all of Plaintiffs' claims fail as a matter of law and the Court **GRANTS** Defendant State Farm Lloyd's Motion for Summary Judgment (Dkt. 16). The Court will enter final judgment in a separate order.

**SIGNED** on March 26, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE